# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **ID No. 2204009600** |
| | ) | **Cr. A. Nos. IN22-04-1587, etc.** |
| **WILLIAM R. USHLER,** | ) | |
| **Defendant.** | ) | |

Submitted: May 23, 2024
Decided: August 14, 2024

## ORDER DENYING DEFENDANT'S SECOND MOTION FOR SENTENCE REDUCTION OR MODIFICATION

**HAVING FULLY CONSIDERED** the Defendant William Ushler's second request to reduce his sentence—this time he asks the Court to "modify[] his previously imposed sentence to run concurrently rather than consecutively." (D.I. 33) and the complete record in this matter, **IT IS HEREBY ORDERED** that application is **DENIED** for the following reasons:

(1) On March 16, 2023, Mr. Ushler pleaded guilty to one count of Dealing Child Pornography and four counts of Sexual Solicitation of a Child.[1] Under the terms of the plea agreement, he faced a minimum of two year in prison up to a maximum sentence of 85 years. There was no agreement as to a sentencing cap or any recommendation—the parties opted for open sentencing.[2]

---

[1] D.I. 18 (Plea Agreement).

[2] *Id.*

(2)    Mr. Ushler's sentencing occurred on June 2, 2023, after a comprehensive presentence investigative (PSI) report was prepared.  In addition to those materials compiled in that PSI report, the parties filed their own supplemental sentencing memoranda.[3]  All of those sentencing materials spoke to the applicable aggravating and mitigating circumstances present and were thoroughly examined by the Court before imposing Mr. Ushler's sentence.[4]  The parties and Mr. Ushler also gave fulsome presentations at his sentencing hearing.[5]

(3)    He was sentenced as follows:  (a) for Dealing Child Pornography (IN22-04-1587)—25 years at supervision Level V  suspended after 3 years for diminishing levels of supervision; (b) for Sexual Solicitation of a Child (IN22-07-1244)—15 years at supervision Level V suspended after 18 months for probation; (c) for Sexual Solicitation of a Child (IN23-03-0513)—15 years at supervision Level V suspended after 18 months for probation; (d) for Sexual Solicitation of a Child (IN23-03-0514)—15 years at supervision Level V suspended after 18 months for probation; and (e) for Sexual Solicitation of a Child (IN23-03-0515)—15 years at supervision Level V suspended after 18 months for probation.[6]  The Court expressly

---

[3]    D.I. 22 and 28.

[4]    Sentencing Trans. at 2 (D.I. 24).

[5]    D.I. 24.

[6]    D.I. 23 (Sentencing Order); Sentencing Trans. at 45-48.

ordered that the prison terms were to be served consecutively.[7]

(4)     Mr. Ushler's 9-year period of unsuspended imprisonment is comprised, in part, of a 2-year minimum term of incarceration that must be imposed under Delaware's child pornography statute.[8]  The remaining 7 years the Court imposed as an exercise of its own sentencing judgment.[9]

(5)     At the time of sentencing, the Court noted the aggravating and mitigating circumstances it found:

> To the extent this cumulative sentence might exceed any applicable sentencing guidelines, the Court notes that the pattern of behavior here involved multiple victims whom the Defendant actively sought out and encouraged to produce images and forward them to him as he reciprocated.  It was a years-long pattern of predation by a person in a position of trust and authority over other children of the victims' age.[10]

(6)     Almost immediately thereafter, Mr. Ushler, through counsel, filed a motion under this Court's Rule 35(b) seeking reduction of his term of imprisonment to the statutory minimum mandatory term of two years.[11]  When the Court considered that timely motion, it afforded Mr. Ushler the greatest benefit it could an

---

[7]    Sentencing Trans. at 45-46 (explaining the Court's purpose in imposing separate and consecutive prison terms for each count).

[8]    *See* DEL. CODE ANN. tit. 11, § 1109(4) and 4205(b)(2) (2020) (dealing in child pornography is a class B felony carrying a statutory minimum of two years at Level V).

[9]    Sentencing Trans. at 47-48.

[10]    Sentencing Order, at 6; Sentencing Transcript at 42-45 (the Court articulates the aggravating and mitigating circumstances it found).

[11]    D.I. 25.

under Rule 35(b). In the end, the Court examined his application as a request that it reconsider and decide if, on further reflection, his sentence seemed unduly harsh.[12] As noted before, by the time of sentencing, the Court had familiarized itself thoroughly with Mr. Ushler's social and mental health history. And when imposing its sentence, the Court noted the compelling aggravators and mitigators it found.

(7) Still, the Court again fully reviewed Mr. Ushler's application, the record of his case, his prior history, all materials provided with that motion, and all sentencing information available. The Court found that when all those materials and the sentencing factors in Mr. Ushler's case were reconsidered, a sentence reduction was not warranted. Rather, after a thorough review of the merits of Mr. Ushler's first timely Rule 35(b) request, the Court found its original sentencing judgment appropriate for the reasons stated at the time it was rendered.[13]

(8) Yet mere months later, Mr. Ushler is again before the Court on this motion seeking reduction of his sentence.[14] And this latest application to reduce Mr. Ushler's sentence of imprisonment—this time by asking that all his Level V terms be ordered to run concurrently, thereby netting only three years in prison—

---

[12] *See Remedio*, 108 A.3d at 331-32 (noting that "[a] request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made") (emphasis in original).

[13] D.I. 30 & 31.

[14] D.I. 32 & 33.

too, is governed by Rule 35(b).[15]

(9)    When considering such motions, this Court addresses any applicable procedural bars before turning to the merits.[16] Mr. Ushler seemingly tries to address the time bar[17] but says nothing of the fact that this latest request is his second Rule 35(b) motion. The Court must.[18]

(10)    As our Supreme Court and this Court have consistently held, Rule 35(b) prohibits consideration of repetitive requests for sentence reduction or modification.[19] There is no exception to the repetitive-motion bar.[20] "And a motion is repetitive under Rule 35(b) whenever it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments or suggests

---

[15]  *See* Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."); *State v. Wenzke*, 2023 WL 3676894, at *4 (Del. Super. Ct. May 25, 2023) (explaining that a motion asking the Court to convert consecutive prison terms to concurrent prison terms is a sentence reduction motion governed by Rule 35(b)); *State v. Desmond*, 2019 WL 6699815, at *1 (Del. Super. Ct. Nov. 27, 2019) ("Although Defendant does not specifically cite Superior Court Criminal Rule 35(b) [ ] in his motion, this motion is clearly a request to modify his sentence to run all sentences concurrently and governed under Rule 35(b).").

[16]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[17]  D.I. 31 and 32 (noting familial hardship, reiterating the mitigators provided prior to sentencing, invoking a 2019 DOJ sentencing policy memo, and reconstituting the arguments regarding the State's sentencing presentation that were the core of his fist Rule 35(b) motion).

[18]  *See State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014); *State v. Culp,* 152 A.3d 141, 145-47 (Del. 2016) (instructing that this Court cannot ignore the Rule 35's plain language, its procedural bars and requirements, or established precedent interpreting the rule).

[19]  *Culp*, 152 A.3d at 145; *Redden,* 111 A.3d at 608–09.

[20]  *Culp*, 152 A.3d at 144; *Redden,* 111 A.3d 608–09.

somewhat different relief."[21]

Accordingly, the Court must **DENY** this Rule 35(b) motion for sentence reduction as repetitive. [22]

**SO ORDERED this 14th day of August, 2024**.

/s/ *Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary

cc:   Mr. William R. Ushler, *pro se*
      Brian J. Chapman, Esquire
      Erik C. Towne, Deputy Attorney General
      Investigative Services Office

---

[21]  *Wenzke*, 2023 WL 3676894, at *4 (cleaned up) (citing *Culp*, 152 A.3d at 144); *see State v. Gale*, 2022 WL 4362700, at * (Del. Super. Ct. Sept. 30, 2022) (applying repetitive-motion bar to a Rule 35(b) motion requesting conversion to concurrent sentencing).

[22]  Were the Court to reach the merits of Mr. Ushler's request, it would fare no better. As explained above, when considering his first Rule 35(b) motion the Court thoroughly examined all of the arguments and factors Mr. Ushler repeats here.